JACOB HORNBERGER v. D. C. GIDDINGS ET AL.

Decided January 23, 1903.

1.—Boundary—Course and Distance Controlling.

In a case of conflicting boundaries where there is no evidence of the foot-steps of the surveyor of either survey or of possession or of acquiescence, course and distance must control, and the junior survey must yield to the senior.

2.—Same—Estoppel.

Upon an issue of boundary it was shown that plaintiff, several years before, recovered in a suit the land that he claimed to be in the survey here in contro-versy, and had a writ of possession executed, and appointed an experienced sur-veyor who received possession from the sheriff, and that the line selected by him was the same as here contended for by defendant. Held, that such facts did not constitute an estoppel.

3.—Same—Evidence.

Where a witness testified that a surveyor was with him when he found a certain marked line, but he related no declaration of surveyor, such testimony was admissible as showing how, when, and under what circumstances the wit-ness gained his knowledge.

4.—Trial—Admission of Evidence—Harmless Error.

Where the trial was before the court without a jury, the admission of hear-say testimony was harmless error where the court certified in the bill of excep-tion relative thereto that the evidence was not considered by him in reaching a conclusion.

Appeal from the District Court of Harris. Tried below before Hon. William H. Wilson.

*E. P. & Otis K. Hamblen,* for appellant.

*Hutcheson, Campbell & Hutcheson* and *Searcy & Garrett,* for ap-pellees.

GILL, ASSOCIATE JUSTICE.—This was a boundary suit brought by D. C. Giddings and others against the appellant, Hornberger. Dwyer was also made a party.

Giddings claimed title to 1000 acres of land out of the south end of the William Whitlock league. Hornberger owned the A. Wilson survey, situated immediately south of and adjoining the Whitlock. The con-troversy involved the boundary between the Wilson and the Whitlock. A trial before the court without a jury resulted in a judgment in favor of Giddings. Hornberger has appealed, and assigns as reasons for re-versal the admission of irrelevant testimony, and that the judgment of the court is not sustained by the evidence.

In 1824 a surveyor named Hughes surveyed the Rankin and the Whit-lock leagues. They are each based on the San Jacinto River, that con-stituting their west boundary. The Rankin was surveyed first, and the Whitlock field notes call for the Rankin south line. The north line of the Whitlock from the river east is 2800 varas in length. The second call is, thence south 5000 varas for corner; thence east to the river 4700

varas; thence up the river to the Rankin southwest corner. These boundaries practically include a league of land. The only object called for as marking a corner was a red oak 10 varas distant from the southwest corner marked W.W.

A considerable distance further down the river was located the Jackson league and labor. In 1833 the A. Wilson survey was located on the vacant land between the Jackson and the Whitlock. The field notes called to begin on the river at the Jackson northwest corner, marked by a pin oak, and calling for several bearing trees; thence east with the Jackson line 5742 varas, stake for corner, with calls for bearing trees; thence north 3496 varas, stake for corner; thence east 8205 varas, corner, sweet bay on margin of river, southwest corner of Whitlock, with calls for bearing trees (which do not include the red oak called for by Hughes); thence south with meanderings of the river (which are minutely given) to the place of beginning.

Giddings sought to make out his case as follows: He showed first the location of the south line of the Rankin, measured east from the river along said line the distance called for in his field notes. It was shown that all along this line were found old trees with ancient marks thereon, though none were claimed to be as old as 1824. He also showed, by general reputation, that this was the true Rankin south line, and the surveyors, called to testify both on behalf of plaintiff and defendant, were practically unanimous as to the identity of this line. He then showed that in running south from the southeast corner of the Rankin an old and well marked line was followed, and that from the southeast corner of the Whitlock, as thus ascertained, east to the river a line evidenced by ancient marks was found and followed.

It was further shown that at the time the original survey was made the land lying to the south was open, vacant, unappropriated land, thus showing that no reason then existed why the original surveyor should have stopped short of the full distance called for.

It was further made to appear that according to the lines thus claimed by plaintiff the Whitlock would have but little less than its full quota of acreage, whereas if appellants' contention was allowed to prevail, the league would be about 900 acres short. Also, that if appellants' contention was correct as to the south line of the Whitlock, same would be 1129 varas too long, and that the north line of the Wilson would have an equal excess in length. It was further shown that if appellants' contention were allowed the Wilson would be 300 varas broader (north and south) than the field notes called for, and would have a corresponding excess in acreage.

It was further shown that the San Jacinto River, at a point opposite the Whitlock league, made a sharp bend to the west, and back again to the east, and that this bend had always been recognized as being in the boundary of the Whitlock; that every map but one ever made for and in use by Harris County showed this bend in the Whitlock survey. It was further made to appear that, if the south line of the Whitlock were

placed according to appellants' contention, the meanderings of the river along the west margin of the Wilson would correspond with the field notes as nearly as could be expected after so long a lapse of time, and making due allowance for gradual changes in the river, and that at no other point on the river could such meanderings be applied.

In opposition to the proof thus made appellant adduced evidence tending to show that the north line of the Wilson was located as contended for by him. This evidence consisted of testimony tending to show that at the place where appellant seeks to have the Wilson north line established there is a well defined and very old marked line; that for years it has generally been reputed to be the true boundary between the Wilson and the Whitlock; and that adjoining surveys have been located and surveyed with reference thereto.

It was further shown that several years ago Giddings, who had recovered in a suit the land he claims in the Whitlock, had a writ of possession executed, and appointed one Alsteaten, an experienced surveyor, to receive possession from the sheriff, and that in doing so he selected the line as contended for by appellant. None of the witnesses claim to have discovered any corners erected as early as 1824, or any trees bearing marks made as early as that date. Other testimony showed that all the very old timber along the various lines testified about had been cut. Though the field notes of the Wilson call for corner and bearing trees, none of the witnesses claim to have found them or to know where they originally stood.

We will first dispose of the assignment that the judgment is not sustained by the evidence. We take this view of the record: The Whitlock was based on the Rankin and the river, and the evidence shows that the north and west lines fit the Rankin and the river. The east line measured 5000 varas south from the Rankin southeast corner, is evidenced by trees bearing ancient marks, and its correctness is sustained by other proof. The land lying south of the Rankin being at that time vacant and unappropriated, no reason appears why the original surveyor should have stopped short of his distance, and it is manifestly improbable that he did so. The south line as claimed by appellee more nearly corresponds in length to the line called for by Hughes, and there is testimony tending to show that it was evidenced by ancient marks, and had for a long time been recognized as the true south line. Against this appellant opposes marked lines made in delineating a junior survey, together with proof of general reputation and recognition by surveyors in making contiguous surveys to the east. No witness claims to have found evidences of the footsteps either of the original surveyor of the Wilson or the Whitlock. In the absence of such evidence, or of possession or acquiescence, it seems to us that course and distance must control, and that the junior must yield to the senior survey. We therefore conclude that the evidence is ample to support the judgment.

But appellant further contends that the south line of the Rankin has always been in dispute, and that it is therefore an unreliable starting

point. It is true there has been some controversy as to the true south line of the Rankin, but this controversy has been confined to a space of about 380 feet in width, and appellee has excluded all question on this point by selecting as the north line of the Whitlock the northermost line ever claimed as the south line of the Rankin. In addition to this the evidence is overwhelming that the line selected as the north line of the Whitlock is the true south boundary of the Rankin. Appellant also urges that the fact that the bend of the river was formerly in the west line of the Whitlock is without weight or significance in view of the lapse of time and the changes in the river. We regard it as a very potent fact. The bend in question is very marked, so much so that if appellants' north line is placed as he contends, and touches the river about the center of this bend, it will add 1129 varas to the length of the line. Though the witnesses state that there are evidences that gradual changes have occurred in the course of the stream, none of them even intimate that so great a change has occurred, and it seems inconceivable that such a change should have occurred without leaving some evidence of the ancient bed of the stream, or giving rise to some tradition of so extraordinary a change.

Appellant urges a like criticism against the evidence that, if the Wilson survey is placed on the river as contended for by appellee, its meanderings will practically correspond, and the lines running east and west will practically correspond in length. We can not concur in this, for no very marked changes are shown, and it is made to appear that at no other point on the river will the meanderings so nearly correspond.

The contention that the acts of Gidding's agent in connection with the execution of the writ of possession constitutes an estoppel, is without merit.

The first and second assignments complaining of the admission of hearsay testimony are untenable. The trial was before the court without a jury, and the court, in his qualifications to the bills, states that he did not consider the evidence objected to in reaching a conclusion.

As to the testimony of Lynch, to which objection was made, it was admissible, since he testified to no more than that the surveyor Gillespie was with him when he found the marked line about which he testifies. He relates no declaration of Gillespie, but merely shows how, when, and under what circmstances, the witness gained his knowledge.

We find no reversible error in the record, and the judgment is affirmed.

*Affirmed.*