## O. P. ERWIN ET AL. v. ARCHENHOLD COMPANY.

### Decided December 16, 1903.

**1.—Default—New Trial—Restricted Order.**

On application of defendant for new trial after judgment by default, the court may, by restrictions in its order, reopen the case for the hearing only of a defense on the merits, without letting in a plea of defendant that it was sued in the wrong county.

**2.—Hearsay—Trial Before Court.**

The admission of hearsay evidence will be ground for reversal, though the trial is without a jury, unless it is reasonably certain that the result would have been the same had the testimony complained of been excluded.

Appeal from the County Court of McLennan. Tried below before Hon. G. B. Gerald.

*J. R. G. Long,* and *Hodges & Moore,* for appellant.

*D. A. Kelley,* for appellee.

KEY, ASSOCIATE JUSTICE.—This is a suit on an account, resulting in a judgment for the plaintiff, and the defendant has appealed.

On the 6th day of May, 1903, the defendants having failed to file an answer, judgment was rendered against them by default for the amount sued for. On the 28th day of the same month they filed a motion to set aside that judgment, and on the 8th day of June, 1903, the court entered an order in these words:

"On this the 8th day of June, 1903, came on to be heard the motion of the defendants herein to set aside the judgment by default rendered against them herein on the —— day of May, 1903, and because the defendants alleged that they have made payments to the plaintiff not shown in the account sued on, it is ordered by the court that the case be opened for the purpose of hearing such matters of the defense which go to the merits of the defendants' answers, and that the cause be tried upon its merits upon the 17th of June, 1903."

On June 17, 1903, the defendants filed their answer, which included a plea of privilege to be sued in Lamar County, and certain exceptions to the plaintiff's petition. These pleas were overruled, the trial court holding that the order made on the motion to set aside the default judgment did not open up the entire case, but limited the defendants to a hearing on the merits. That ruling was correct. The order referred to manifests an intention to grant the defendant a hearing solely upon the merits of the case, and to preclude the consideration of every question other than the amount, if any, of the defendants' indebtedness to the plaintiff. The court had the power to open up the entire case, or to restrict the further hearing as it did; and it not appearing that it abused its discretion by imposing the restriction referred to, the defendants are bound by it.

Over objection of the defendants, one Mayer, a witness for the plain-

tiff, was permitted to testify as follows: "The reason why the amounts for which we gave credit do not correspond with the receipted bills introduced by the defendant is that Abe Abrams told me (witness) that sometimes the defendant would .pay part of the bill at one time and then finish it up later on, or probably pay some amount on another bill, and that he, Abrams, would send us the amount on hand, but it would not correspond with the face of the receipted bill."

Abe Abrams was the plaintiff's agent and represented it in its dealings with the defendants, but the method resorted to in order to get his testimony before the court was so manifestly in violation of the rule which excludes hearsay evidence, that counsel for appellee does not in this court contend that it was admissible.

The contention now is, that the trial being before the court without a jury, and there being other evidence sufficient to sustain the judgment, the case should not be reversed.

We understand the correct rule on that subject to be that, even in nonjury cases, the admission of improper testimony over objection will be ground for reversal, unless it is reasonably certain that the result would have been the same had the testimony complained of been excluded; and this case does not come within that class. The testimony under consideration was very important to the plaintiffs, and if it had been excluded the other testimony would have warranted, if not required, a decision for the defendants.

For the errors indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*