WELLS FARGO & CO. v. LONG.   (No. 5742.)

(Court of Civil Appeals of Texas.   San Antonio.   Dec. 13, 1916.)

1. EVIDENCE ☞543(4)—EXPERTS.
In action for value of a lost picture, a witness, whose estimate as to its being worth $250 was based on the fact that an ordinary water color painting of that size would be worth $150, and that the lost picture would be worth $100 more because painted on porcelain and inlaid with mother of pearl, was not qualified sufficiently to make such opinion admissible; it being evident from her testimony that the estimate of $100 difference was merely a guess.
[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2358; Dec. Dig. ☞543(4).]

2. EVIDENCE ☞543(4)—EXPERTS.
Such witness did, however, sufficiently qualify to testify that the painting exclusive of special features was worth $150, it appearing that she had handled water color paintings for two years in the art department of a store, and that she sold water color paintings of that size in ordinary water colors for from $150 to $175 and $200, whether on porcelain or anything.
[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2358; Dec. Dig. ☞543(4).]

3. APPEAL AND ERROR ☞1054(1)—HARMLESS ERROR.
Where trial is before the court, the admission of hearsay testimony does not require reversal, provided there be legitimate evidence sufficient to support the judgment, and the result would have been the same had the hearsay testimony been excluded.
[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4185; Dec. Dig. ☞1054(1).]

4. APPEAL AND ERROR ☞1011(1)—CONFLICTING EVIDENCE—QUESTION OF FACT.
Although the testimony of defendant appears more convincing than that upon which plaintiff recovered below, judgment will be affirmed if supported by competent and sufficient evidence.
[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3983-3988; Dec. Dig. ☞1011(1).]

Appeal from County Court for Civil Cases, Bexar County; John H. Clark, Judge.

Action by W. J. Long against Wells Fargo & Co. From judgment for plaintiff, defendant appeals. Affirmed.

Ball & Seeligson and C. W. Trueheart, all of San Antonio, for appellant. Henry, McCloskey & Robertson, of San Antonio, for appellee.

MOURSUND, J. [1, 2] Appellee sued appellant for $500, the alleged value of a picture which appellant contracted to transport from San Antonio, Tex., to Santa Anna, Tex., and which was destroyed while in appellant's possession. Upon a trial, without a jury, judgment was rendered in favor of appellee for $140. This judgment was based upon the testimony of Mrs. Marian A. Sellers, and appellant contends that she failed to qualify sufficiently as an expert to justify the court in admitting and considering her testimony. She expressed the opinion that the picture was worth $250, and there is no doubt that she failed to qualify sufficiently to make that opinion admissible; for it appeared that her estimate was based upon what an ordinary water color painting of that size would be worth, and her estimate of $100 for the difference between an ordinary water color picture and plaintiff's picture, which she described as a water color painting on porcelain, inlaid with mother of pearl. It is evident from her testimony that this estimate of $100 difference was merely a guess. However, as the court only allowed $140, it may be inferred that he discarded this $100 and allowed the value of an ordinary water color painting of the same size. There is no doubt that the witness qualified to give an opinion on the value of water color paintings, which she had handled for two years in the art department of Hummert's store. She testified this was a water color painting, and that she sold water color paintings of that size in ordinary water colors for from $150 to $175 and $200, whether on porcelain or anything. Afterwards she said:

"A water color painting $125 or $150, according to size of it, and it leaves a margin between that $150 and $250 for the porcelain and mother of pearl, and the idea is very hard to produce."

This amounts to the expression of an opinion · that the picture, stripped of the features which she testified made it more expensive, was worth $150. It is true she testified that the value of ordinary water color paintings "is not so much a criterion of the value of this picture"; but it is apparent from all of her testimony that she did not mean by this ·to say that there was any difference in so far as the painting itself was concerned, but that the plaintiff's picture, being on porcelain and inlaid with mother of pearl, would be more valuable than if it was an ordinary water color pic·ture. We conclude that we cannot hold

that she did not sufficiently qualify to testify to the fact that the painting, exclusive of special features, was worth $150. The court evidently took this view of the matter.

[3] It is also contended that the court erred in permitting Mrs. Sellers to testify that such pictures had only been made abroad, and were no longer being made anywhere, and had ceased to be made to any extent. The witness admitted that this testimony was hearsay, but it appears that there is testimony from other witnesses to the same general effect. In addition, the trial being before the court, the fact that hearsay testimony was admitted does not require a reversal, provided there be legitimate evidence sufficient to support the judgment, and the result would have been the same had such hearsay testimony been excluded. Erwin v. Archenhold Co., 34 Tex. Civ. App. 55, 77 S. W. 823; Hornberger v. Giddings, 31 Tex. Civ. App. 283, 71 S. W. 989.

[4] It is also contended that the judgment should be reversed for insufficiency of evidence. We have stated the testimony on which the court must have rendered his judgment. After such testimony was given, defendant produced the damaged picture in court, and had four witnesses to testify with reference thereto. All of them testified it was a cheap picture, and not a work of art; and none of their estimates of its value exceeded $20. Two of them were sure it was an oil painting, while one said he could not get at it to tell whether it was an oil painting or water color painting, and the fourth said he could not tell whether it was an oil painting, that it had the appearance of one, but could be either an oil painting or water color painting. They denied it was on porcelain, but their theories differed in regard to how it was made. Some of these witnesses testified to experience which should have well qualified them to make an estimate upon the value of the picture, and their testimony appeals to us as being more convincing than that upon which the court based his judgment. However, we cannot say that the judgment is not supported by competent and sufficient evidence, and we conclude that we should affirm the same.

Judgment affirmed.