KANSAS CITY, M. & O. RY. CO. OF TEX-
AS v. O'CONNELL.　(No. 1481.)

(Court of Civil Appeals of Texas.　Amarillo.
Feb. 19, 1919.　Rehearing Denied
April 16, 1919.)

1. EVIDENCE ⬤⇒543(4)—EXPERT TESTIMONY—
COMPETENCY OF WITNESS—DAMAGE TO AU-
TOMOBILE TRUCK.

Dealer in particular make of automobile
truck at certain place, who was familiar with
their market value at such place upon day of
damage to a truck of that particular make, and
who had examined truck minutely after acci-
dent to ascertain extent of damage, was com-
petent to testify.

2. EVIDENCE ⬤⇒543(4) — EXPERT WITNESS—
COMPETENCY—MARKET VALUE.

A dealer in personal property at any given
place is generally accepted as an expert witness
upon its market value.

3. EVIDENCE ⬤⇒66 — PRESUMPTION—KNOWL-
EDGE—MARKET VALUE.

Dealer, having authority to sell particular
truck in certain city, will be presumed to be
well informed as to the market value of the
truck in such city, and in city in which he him-
self purchases the trucks.

4. EVIDENCE ⬤⇒543(4), 572—EXPERT—DAM-
AGE TO TRUCK—WEIGHT.

In action for damage to automobile truck,
that dealer, who had authority to sell such trucks
at place in which accident took place, and who
testified to being familiar with the market val-
ue of such trucks at such place, had actually
sold only one truck of that kind at such place,
did not affect the admissibility of his evidence,
but merely its weight.

Error from District Court, Foard County;
J. A. Nabers, Judge.

Action by M. O'Connell against the Kansas
City, Mexico & Orient Railway Company of
Texas.　Judgment for plaintiff, and defend-
ant brings error.　Affirmed.

L. W. Allred, of Chillicothe, Brookreson &
Howell, of Benjamin, and H. S. Garrett, of
San Angelo, for plaintiff in error.
W. C. Tisdale, of Crowell, for defendant
in error.

HALL, J.　Defendant in error sued plain-
tiff in error to recover damages in the sum
of $1,060, alleged to have resulted to an In-
ternational auto truck, from having been
struck by a freight train operated on a side
track at the town of Crowell.　For the pur-
poses of this opinion it is unnecessary to
set out the pleadings, as the only assign-
ments urged here go to the admissibility of
certain evidence and the sufficiency of such
evidence to support the judgment.　Trial be-
fore a jury resulted in a judgment against
plaintiff in error in the sum of $500.

The first and second assignments are
based upon the alleged error of the court in
admitting the testimony of defendant in
error as to the market value of the motor
truck at Crowell, prior to and immediately
after the accident.

The remaining assignments are based up-
on the admission of the testimony of R. W.
Self, under which it is insisted that he was
not qualified to testify as to the market val-
ue in Crowell of the injured truck.　If we
admit that the objections to the evidence of
defendant in error are well taken, they do
not apply to the testimony of the witness
Self.　He testified that he resided at Crow-
ell, was in the Crowell Garage business, a
member of the firm of Self & Son, which
handled the International motor trucks at
that place; that he was familiar with the
market value of such trucks on the 19th day
of May, 1917, the date of the alleged injury;
that he sold defendant in error the truck
in question.　He further shows that he ex-
amined the truck minutely after the acci-
dent, for the purpose of ascertaining the
extent of the damage.　He testified that he
based his opinion of the market value on
what he had to pay in Dallas, plus the
freight; that because he sold those cars in
Crowell he knew the market value on the
day of the accident.　On cross-examination
he stated that he based his opinion of the
market value on what his firm paid for the
truck, the gasoline required in running it to
Crowell from Dallas, and the time of the
man in bringing it; that such a car would
ordinarily sell for $1,078 in Crowell, and
that he would have sold one for that price
at that time.　He stated that the truck in
question was the only one his firm had sold;
that in ascertaining the amount of the dam-
ages he took the catalogue and determined
what each part to be replaced would cost;
that the difference between the market value
of the car immediately before and immediate-
ly after the accident was about $650.　The
jury seems to have accepted his estimate
rather than that of defendant in error.

[1-4] We think the objections to the com-
petency of this evidence were not well tak-
en.　A dealer in personal property at any
given place is generally accepted as an ex-
pert witness upon its market value.　Wells
Fargo & Co. v. Long, 190 S. W. 530; Law-
son on Expert and Opinion Evidence (2d
Ed.) 190–193; 11 R. C. L. p. 638, § 56;
Jones on Evidence, vol. 2, §§ 386, 387.　From
the evidence on cross-examination touching
the question of the qualifications of this wit-
ness to testify as to the market value of
such a truck in Crowell, it appears that as
a dealer he sold this particular truck, and
it may be reasonably inferred that he was
the representative of the manufacturer of
such trucks at Crowell, as he had in his pos-

session a catalogue showing prices of its several parts. Being a dealer and having authority to sell such trucks on that market, it is a legitimate presumption that he was well informed as to market values, both in Crowell and in Dallas. Having testified upon direct examination that he knew the market value in Crowell on the day of the accident, he was prima facie qualified to state what that value was. G., C. & S. F. Ry. Co. v. Stewart, 141 S. W. 1020. The facts developed on cross-examination failing to show his disqualification, the evidence was admissible. That he had actually sold only one truck of that kind at Crowell would affect the weight, but not the admissibility, of his evidence. Belknap v. Groover, 56 S. W. 249.

The judgment is affirmed.